■ W. H. C., Appellant-Respondent, v M. M. C., Respondent-Appellant.—Judgment, Supreme Court, New York County (Arthur Wachtel, J.H.O., as designated by Martin Stecher, J.), entered January 6, 1988, which, in substance, granted defendant wife a divorce from plaintiff husband, awarded sole custody of the parties' two infant children to the defendant, with liberal visitation to plaintiff, directed plaintiff to pay the sum of $1,300 per week to defendant for her support and maintenance, until the death of the plaintiff or defendant or defendant's remarriage, directed plaintiff to pay

the sum of $230 per week to defendant for child support concerning the parties' two infant children, directed plaintiff to pay the sum of $538.46 per week for tuition fees for private school and summer camp registration concerning the parties' daughter C., directed plaintiff to pay college tuition, room, and board for the parties' son G., awarded defendant sole and exclusive use and occupancy of the marital home, which is located at Palisades Avenue, Bronx, New York, until the parties' infant daughter C. attains the age of 21, on March 23, 1993, when that home will be offered for sale at a price agreed upon by the parties, and, if the parties do not agree, then an independent appraisal will be made, awarded defendant the sum of $71,980, which represents 35% of the plaintiff's interest in a law partnership, awarded defendant the sum of $35,525, which is 20% of the valuation of plaintiff's computer equipment investment, awarded defendant the sum of $32,079.36, which represents her share of plaintiff's Keogh and Target pension plans, awarded defendant title to the contents of the marital premises, except for certain stemware glasses, which shall belong to the plaintiff, and, plaintiff shall receive a credit for his share of the "Jan De Ruth" painting, and, the value of that painting shall be determined by a fair appraisal, within 90 days, after a notice of entry of the judgment, and if appraisal cannot be agreed upon, the value will be determined to be $2,500, plaintiff shall receive a pro rata credit on one half of the trial transcript costs of $11,480, directed plaintiff to pay for certain necessary repairs, in the amounts set forth in the judgment, denied defendant's request for a separate evaluation of the plaintiff's law license, directed plaintiff to purchase, maintain or assign a policy of insurance, which provides benefits for health and hospital care and related services for the defendant and the parties' infant children, which is not to exceed the period of time, which plaintiff is obligated to provide maintenance, child support and defendant's distributive award, whichever event is larger, directed plaintiff to purchase a life insurance policy in the sum of $500,000 and designate the defendant and the parties' two children as beneficiaries, so long as the order of maintenance and child support is in force and effect, and, has not been modified or sooner terminated, awarded defendant's attorney $25,000 in legal fees, awarded $5,000 accounting fees, and defendant may resume use of her maiden name, is unanimously affirmed, without costs.

On August 29, 1965, the parties were married in New York City, and separated in 1981. As a result of the marriage, the parties have two children, a daughter C. and a son G.

The husband, Mr. W. H. C., is a partner in a New York City law firm, and, since the marriage, the wife, Ms. M. M. C., has principally been a housewife. Mr. and Mrs. C. are both 46 years old, and the children's ages are: C. is 17 years old and a college-bound high school junior, at Riverdale Country School; G. is 20 years old and a junior at Yale University.

In 1982, Mr. C. (plaintiff) commenced, in the Supreme Court, New York County, an action against Mrs. C. (defendant) for divorce. Following the joinder of issue, a nonjury trial was commenced in May 1986.

At the time of trial, plaintiff withdrew his answer to the defendant's counterclaim for abandonment.

After hearing the evidence, the trial court issued a written decision which resulted in a judgment, and the decretal paragraphs of that judgment were summarized, *supra,* in the first paragraph of this memorandum.

Plaintiff appeals and defendant cross-appeals from various parts of that judgment.

Based upon our review of the record, we find that the awards made to the parties are supported by the evidence, and, meet the requirements of Domestic Relations Law § 236 (B).

We have considered the contentions of the parties, and find them to be without merit.

Accordingly, we affirm. Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.